UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES SIMPSON, ) | |
| ) | |
| Petitioner, ) | Case No. CV 14-9080-ODW(AJW) |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| THE DIRECTOR OF THE CDCR, ) | DISMISSING PETITION |
| ) | WITHOUT PREJUDICE AND |
| Respondent. ) | WITH LEAVE TO AMEND |
| ) | |

On November 24, 2014, petitioner filed this petition for a writ of habeas corpus. In its entirety, the petition states, "I'm requesting for injunctive relief to have the Director of the CDCR to [sic] reverse my conviction and give me $950 million dollars." [Petition at 1]. For the following reasons, the petition is subject to summary dismissal.

To the extent that petitioner seeks to challenge the validity of his conviction, he fails to provide any information regarding the conviction he seeks to challenge. For example, petitioner does not indicate the date of his conviction, the court in which it occurred, the crimes of which he was convicted, or the sentence imposed. Moreover, he does not state any claims for relief – that is, he

provides no legal or factual basis for any such challenge. At best, petitioner's allegations are vague and conclusory. In addition, the petition fails to indicate whether petitioner exhausted any claims for relief by presenting them to the California Supreme Court. See 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

Furthermore, monetary damages are not available in a federal habeas corpus proceeding. Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriquez, 411 U.S. 475, 494 (1973).[1]

**Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner shall, within twenty-eight (28) days of the date of this order, file an amended petition curing the deficiencies noted above. The amended petition shall be filed on the forms provided by the Clerk and shall bear the case number CV 14-9080-ODW(AJW), shall include information regarding the conviction or decision petitioner intends to challenge, shall provide the specific legal and factual basis for his claims for relief, and shall indicate whether petitioner has presented each claim**

---

[1] Petitioner may have intended to file a civil rights action. While a federal court has discretion to recharacterize a mislabeled habeas corpus petition as a civil rights action and to permit the action to proceed as such, ordinarily such a recharacterization is inappropriate. Because of the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so. See 28 U.S.C. § 1915; 42 U.S.C. § 1997e; see generally Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir.)("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent....")(citations omitted), cert. denied, 132 S.Ct. 397 (2011).

to the California Supreme Court.

Petitioner is cautioned that failure to file an amended petition within the time provided may result in dismissal of this petition without prejudice.

It is so ordered.

Dated: December 3, 2014

Andrew J. Wistrich
United States Magistrate Judge