UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES SIMPSON, ) | Case No. CV 14-9080-ODW(AJW) |
| Petitioner, ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| THE DIRECTOR OF THE CDCR, ) | WITHOUT PREJUDICE |
| Respondent. ) | |

Petitioner filed a petition for a writ of habeas corpus on November 25, 2014. In its entirety, the petition states, "I am requesting for injunctive relief to have the Director of the CDCR to [sic] reverse my conviction and give me $950 million dollars."

On December 3, 2014, the petition was dismissed without prejudice and with leave to amend. The order dismissing the petition explained that the petition lacked essential information. Specifically, the order noted that the petition failed to identify the conviction that petitioner seeks to challenge, failed to allege any claims for relief, and failed to state whether petitioner had exhausted any claims by presenting them to the California Supreme Court. The order added that petitioner's request for monetary damages was not properly raised in a federal habeas corpus proceeding.

1    Petitioner was provided an opportunity to cure these deficiencies
2 by filing an amended petition, and the Clerk mailed the appropriate
3 form to petitioner along with the order dismissing the original
4 petition. He was cautioned that failure to timely comply with the
5 order would result in dismissal of this action without prejudice. The
6 amended petition was due on December 31, 2014.  However, petitioner
7 did not file an amended petition.  Instead, on December 15, 2014,
8 petitioner filed a document entitled "Motion to Grant My Petition," in
9 which he objected to the order dismissing the petition and argued that
10 the Court's "requirements" do not apply to him.

11    The Court has considered whether this case is properly dismissed
12 under Rule 41(b) of the Federal Rules of Civil Procedure as a sanction
13 for failure to prosecute or to comply with court orders, or whether it
14 should be dismissed pursuant to Rule 4 of the Rules Governing Section
15 2254 Cases.[1]  Generally, if a plaintiff fails to respond after his or
16 her complaint has been dismissed with leave to amend, dismissal for
17 failure to comply with a court order is appropriate. Edwards v. Marin
18 Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). On the other hand, a
19 plaintiff has the right to allow the complaint to be dismissed to
20 obtain an appealable final judgment. Edwards, 356 F.3d at 1065. The
21 Ninth Circuit has held that a plaintiff's failure to "respond to the
22 court's ultimatum — either by amending the complaint or by indicating
23 to the court that it will not do so — is properly met with the
24 sanction of a Rule 41(b) dismissal. Where, however, the plaintiff

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

2

makes an affirmative *choice* not to amend, and clearly communicates that choice to the court, there has been no disobedience to a court's order to amend ...." Edwards, 356 F.3d at 1065. In the latter situation, dismissal for failure to state a claim is appropriate. There is no reason why the same principles should not apply to habeas corpus petitioners.

The Court construes petitioner's "Motion to Grant My Petition" as a notice of his intent to "stand" on his petition and obtain a final appealable judgment on its sufficiency. As explained in the order dismissing the petition, the petition fails to identify the conviction petitioner intends to challenge, fails to state any claims for relief, and fails to indicate whether petitioner exhausted his state remedies. For these reasons, the petition is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**It is so ordered.**

Dated: February 3, 2015

                                                 Otis D. Wright, II
United States District Judge